UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10304-RGS

STEVEN L. SMITH

v.

LIEUTENANT CAHOON, et al.

ORDER

April 20, 2022

STEARNS, D.J.

Now before the court is a civil complaint, Dkt #1, a motion for leave to proceed *in forma pauperis*, Dkt #2, and a motion for immediate injunctive relief, Dkt #9, filed by pretrial detainee Steven L. Smith. At the time Smith filed his complaint, he was confined at the Barnstable County Jail. On March 30, 2022, Smith filed a change of address indicating that he had been moved to the Nashua Street Jail in Boston.

Broadly speaking, in his complaint, Smith alleges that: grievances he submitted at Barnstable County Jail were not adequately investigated and resolved; a Barnstable County Jail employee responsible for making copies improperly gave jail authorities Smith's legal papers that he had submitted for copying; jail authorities improperly retained said papers for three to six

weeks; jail authorities imposed a photocopy policy requiring payment for photocopies and refuse to provide Smith adequate copies of documents that he needs to prosecute his civil cases and defend himself a pending criminal action; and, the law library at Barnstable County Jail does not have adequate law materials. Smith seeks damages and injunctive relief.

In his addendum to his complaint, Dkt #2, Smith alleges he had agreed to drop some of his grievances in exchange for a promise that he would receive a certain housing assignment. He claims that the defendants blatantly breached that agreement. In a motion for injunctive relief he filed on March 21, 2022, Dkt #9, Smith complains that he is not given outdoor recreation time at Barnstable County Jail, and that, in fact, he has not had any outdoor recreation in the four years of his pretrial detention in various institutions. He further claims that, when he is allowed to exercise in a concrete bunker, correction officers will not fully open the windows. Smith asks the court to order the defendants to provide Smith with outside recreation and, when in the concrete bunker, to fully open the windows at Smith's request.

Smith's transfer to the Nashua Street Jail moots all requests for injunctive relief. The transfer did not moot a claim for damages, but, in light of Smith's transfer, the passage of time between the date Smith commenced

this complaint and the present, and that fact that Smith will have to pay a $350 filing fee even if the court allows him to proceed *in forma pauperis*, it is possible that Smith no longer wishes to pursue this action.

## ORDER

For the foregoing reasons:

1. The motion for injunctive relief, Dkt #9, is DENIED.

2. The court orders Smith to inform the court, within twenty-eight (28) days of the date of this order, whether he wishes to pursue this action. Failure to so notify the court will result in dismissal of this action without prejudice and without assessment of a filing fee.

3. If Smith elects to proceed with this action, he will be required to pay the $350 filing fee over time even if he is allowed to proceed *in forma pauperis* and regardless of the outcome of the case. The complaint will be subject to an initial screening and summonses will only issue upon order of the court after a determination that Smith's complaint states a claim upon which relief may be granted.

4. Even if Smith elects to pursue this action, rules concerning the joinder of parties and claims preclude him from amending his complaint to include any claim regarding the conditions of recreation at Barnstable

County Jail.  If Smith wishes to pursue such a claim, it must be brought in a separate action.

                **SO ORDERED.**

                /s/ Richard G. Stearns
                _____
                UNITED STATES DISTRICT JUDGE